# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY L. DIAMOND, | : | |
| Plaintiff, | : | |
| vs. | : | CA 19-0919-CG-MU |
| CITY OF MOBILE, ALABAMA, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITH PREJUDICE**, prior to service of process, because Plaintiff's § 1983 claims against the City of Mobile are indisputably time-barred and, therefore, his action is frivolous under § 1915(e)(2)(B)(i).[1]

---

[1] Because Diamond's § 1983 claims against the City of Mobile are time-barred, the undersigned simply **MOOTS** his motion to proceed without prepayment of fees and costs (Doc. 2).

**BRIEF BACKGROUND**

On October 30, 2019, the *pro se* Plaintiff filed a form complaint for violation of civil rights wherein he seeks damages for false imprisonment and a violation of his constitutional right to freedom of speech for merely "talking." (*See* Doc. 1, at 3-5). Plaintiff names as the sole defendant the City of Mobile (*id.* at 1) and claims that in June of 2015, while he and the mother of his children were "flushing," the police came to his home and took him to jail (*id.* at 4). Diamond avers he was placed in jail for "domestic violence harassment communication" (*id.*), which he claims amounts to mere "talking" and that it was a violation of his right to freedom of speech to be imprisoned for only "talking." (*Id.*). Thus, Diamond seeks significant monetary damages (*id.* at 5) for being falsely imprisoned for simply exercising his constitutional right to freedom of speech (*see id.*).

**DISCUSSION**

Upon liberally construing Plaintiff's complaint, as must be done,[2] and because the face of Plaintiff's form complaint makes clear that he is seeking damages for the purported violation of his constitutional rights, the undersigned finds that Plaintiff is attempting to bring claims against the City of Mobile, pursuant to 42 U.S.C. § 1983, for violation of his right to freedom of speech and, as well, for false arrest and

---

[2] "A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citation omitted).

imprisonment.[3] Despite this liberal construction, the complaint allegations establish that Diamond's claims are time-barred.[4]

It is all too clear that § 1983 does not contain a statute of limitations provision, *see* 42 U.S.C. § 1983; however, relevant caselaw demonstrates that the applicable limitations period for § 1983 claims brought in Alabama, as here, is two years.

> In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that in characterizing a § 1983 claim for statute of limitation purposes, federal law was controlling; that a single statute of limitations should be selected to govern all § 1983 claims; and that because claims under § 1983 are in essence claims for personal injury, the state statute applicable to personal injury should be borrowed. *Id.* at 270, 275, 276-80, 105 S.Ct. at 1943, 1946, 1947-49. . . .
>
> The statutory period of limitations for plaintiff's claims pursuant to 42 U.S.C. § . . . 1983 . . . is two years. *See* Alabama Code § 6-2-38(l) ("actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years") and (n) ("actions commenced to recover damages for injury to the person . . . wherein a principal or master is sought to be held

---

[3] The provision for federal-question jurisdiction set forth in § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.,* claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312, 125 S.Ct. 2363, 2366 (2005).

[4] "Usually, the statute of limitations is a matter to be raised as an affirmative defense." *Norman v. Drug Enforcement Admin.,* 2018 WL 7075293, *2 (M.D. Ala. Sept. 14, 2018), *report and recommendation adopted,* 2019 WL 254235 (M.D. Ala. Jan. 17, 2019).

> However, in a *Bivens* action, or an action under 42 U.S.C. § 1983, a court may consider, *sua sponte,* affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board,* 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs,* 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[] dismissal is allowed." *Clark,* 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. . . . In such cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali,* 892 F.2d at 440.

*Id.*

> liable . . . under the doctrine of *respondeat superior* must be brought within two years").

*C & J Associates Pest Control v. McMullen,* 2007 WL 9711443, *4 (N.D. Ala. June 12, 2007); *see also McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir.) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. . . . [Plaintiff's] claim was brought in Alabama, where the governing limitations period is two years. . . . Therefore, in order to have his claim heard, [Plaintiff] was required to bring it within two years from the date the limitations period began to run."), *granting stay sub nom. Callahan v. Allen,* 552 U.S. 1171, 128 S.Ct. 1138, 169 L.Ed.2d 959 (Jan. 31, 2008), *cert. denied,* 553 U.S. 1098, 128 S.Ct. 2914, 171 L.Ed.2d 850 (June 9, 2008); *see Owens v. Okure,* 488 U.S. 235, 249-50, 109 S.Ct. 573, 574 & 580-81, 102 L.Ed.2d 594 (1989) (holding that in § 1983 suits federal courts are to borrow the "general" or "residual" statute of limitations for personal injuries provided under the law of the State where the court hearing the case sits).

"The question of when the limitations period begins to run (that is, when the cause of action has accrued), is one of federal law." *Smith v. Shorstein,* 217 Fed.Appx. 877, 881 (11th Cir. Feb. 13, 2007), citing *Rozar v. Mullis,* 85 F.3d 556, 561 (11th Cir. 1996); *see also Kelly v. Serna,* 87 F.3d 1235, 1238 & 1238-39 (11th Cir. 1996) (recognizing both that "[a] statute of limitations begins to run when the cause of action accrues[]" and that "[a]ccrual of a cause of action under 42 U.S.C. § 1983 is a question of federal law."); *Cotton v. Onderdonk,* 2016 WL 7365205, *11 (S.D. Ala. Nov. 10, 2016) (recognizing that federal law governs when a statute of limitations begins to run and that this is when the cause of action accrues), *report and recommendation adopted,* 2016

WL 7366080 (S.D. Ala. Dec. 19, 2016). "The general federal rule is that a cause of action 'will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury.'" *Smith, supra,* 217 Fed.Appx. at 881, quoting *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003) (other citation omitted); *see McNair, supra,* 515 F.3d at 1173 ("'[T]he statute of limitations does not begin to run until the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'").

Here, Plaintiff's statutory civil rights claims under § 1983 are based upon his arrest and imprisonment in June of 2015 for "domestic violence harassment communication[,]" which he considers to be speech (that is, mere "talking") protected by the First Amendment. (*See* Doc. 1, at 3-5). There can be little question but that Diamond was aware of his arrest and imprisonment (and the charge upon which the arrest and imprisonment was based) when those "events" occurred in June of 2015. (*See id.*). Accordingly, the two-year limitations period under § 1983 began to "run" in this case in June of 2015 and expired in June of 2017. This action was filed on October 30, 2019, well over two years (specifically, over 4 years) after the occurrence of the alleged unconstitutional actions forming the basis of his claims;[5] therefore, Diamond's § 1983 claims should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[5] "Neither [Diamond's] ignorance of the law nor his pro se status [would] constitute 'extraordinary circumstances' sufficient to toll the running of the statute of limitations." *Rice v. Sixteen Unknown Federal Agents,* 658 Fed.Appx. 959, 962 (11th Cir. Aug. 30, 2016) (citations omitted).

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**, prior to service of process, in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), as barred by the applicable statute of limitations.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 27th day of December, 2019.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**